UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-00590-JPH-MG |
| ) | |
| CRAWFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff James E. Phillips is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). He filed this civil action raising several federal law claims related to his medical care and moved to proceed *in forma pauperis*. Dkts. 1, 2. On December 30, 2024, the Court granted Mr. Phillips' motion for leave to proceed in forma pauperis and waived any initial partial filing fee. Dkt. 6.

The Court takes judicial notice that in Cause No. 2:24-cv-00568-MPB-MJD, defendants filed motions to revoke Mr. Phillips' *in forma pauperis* status because of three previously dismissed filings and moved to stay proceedings. *Phillips v. Scott, et al.,* 2:24-cv-00568-MPB-MJD, dkts. 17, 18 (S.D. Ind.). The defendants' motions, dkts. 17, 18, were granted, and Mr. Phillips *in forma pauperis* status was revoked in that case. *Id.* For the following reasons, Mr. Phillips' entitlement to *in forma pauperis* status is revoked in this matter, and he is ordered to pay the filing fee in full.

1

## I.   Discussion

Federal statute provides that a prisoner may not bring a civil action proceeding *in forma pauperis* if he has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Sanders v. Melvin*, 25 F.4th 475, 477 (7th Cir. 2022) (referring to this provision as the "three-strikes rule").

Mr. Phillips had incurred at least three "strikes" before filing this action on December 30, 2024. *See Phillips v. Scafe, et al.*, 1:23-cv-00945-JRS-KMB, dkt. 17 (S.D. Ind. Jan. 29, 2024) (dismissing action without prejudice for failure to state a claim upon which relief may be granted); *Phillips v. Reasoner, et al.*, 1:23-cv-01700-TWP-TAB, dkt. 9 (S.D. Ind. June 5, 2024) (dismissing action without prejudice for failure to state a claim upon which relief may be granted); *Phillips v. Dickson, et al.*, 1:23-cv-01675-MPB-MJD, dkt. 10 (S.D. Ind. June 13, 2024) (dismissing action for failure to state a claim upon which relief may be granted). Mr. Phillips did not disclose these dismissals when he moved to proceed *in forma pauperis*. Dkt. 2.

Further, Mr. Phillips' claims as alleged do not entitle him to *in forma pauperis* status under the "imminent danger" exception. To be entitled to *in forma pauperis* status under this exception, a plaintiff must show that "time is

pressing" and the potential consequence of being denied access to the court is "serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 541 (7th Cir. 2002).

In his complaint, Mr. Phillips alleges constitutional violations related to a past harm. Dkt. 1. He alleges that he suffered a medical emergency while in the shower and failed to receive proper medical care from IDOC staff in August of 2024. Mr. Phillips alleges that he did not receive access to immediate medical care because the officers were retaliating against him for his litigation and grievance activity. At the time he filed the complaint in December 2024, however, Mr. Phillips had already received medical care for the injuries he sustained. *Id.* To qualify as imminent danger, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). In other words, the exception is available only "'for genuine emergencies,' where 'time is pressing' and 'a threat…is real and proximate.'" *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)). Because Mr. Phillips alleges only past harm, he is not entitled to proceed under the imminent danger exception.

Although the Court previously permitted Mr. Phillips to proceed *in forma pauperis*, it may sua sponte revoke that status upon learning that he has accumulated at least three strikes before filing this action. *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017). Further, although a Court may immediately dismiss an action as a sanction for failing to disclose strikes, *see Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999), the Court will not do so here. Although Mr. Phillips received notice each time that one of these cases was being dismissed

for failure to state a claim, this Court had not explicitly told Mr. Phillips that he had "struck out" until an April 8, 2025, Order in *Phillips v. Skinner, et al.*, 2:24-cv-00393-JRS-MG. *See* 2:24-cv-000393-JRS-MG, dkt. 11 (S.D. Ind. Apr. 8, 2025).[1] Thus, the Court informs Mr. Phillips that his *in forma pauperis* status has been revoked, but it will provide him **through July 7, 2025**, to pay the filing fee.

## II.   Conclusion

Mr. Phillips' entitlement to *in forma pauperis* status is **revoked**, and Mr. Phillips "must pay the whole filing fee promptly." *Sanders*, 873 F.3d at 961.

All further activity in this matter (including the screening of the complaint) is **stayed** until the filing fee is paid.

The filing fee for a civil action is $405.00. Mr. Phillips has not paid any of the filing fee to date. Thus, he owes $405.00, and he has **through July 7, 2025**, to pay this sum, or this action will be dismissed.

**SO ORDERED.**

Date: 6/18/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] Indeed, the cases listed in that order that constituted strikes are different than the cases listed above. Those cases were dismissed in January and March of 2025 and therefore would not have prevented Mr. Phillips from proceeding *in forma pauperis* in this action.

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838